1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   SARAH G. FLANAGAN SBN 70845
2  sarah.flanagan@pillsburylaw.com
   STACIE O. KINSER  SBN 300529
3  stacie.kinser@pillsburylaw.com
   Four Embarcadero Center, 22nd Floor
4  San Francisco, CA 94111-5998
   Telephone:    (415) 983-1000
5  Facsimile:    (415) 983-1200

6  Attorneys for Defendant THE BOARD
   OF TRUSTEES OF THE LELAND
7  STANFORD JUNIOR UNIVERSITY

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  JANE DOE,                          |  Civil Action No. 3:16-cv-06973-SK

13           Plaintiff,                |
                                       |  **DEFENDANT'S ANSWER AND
14      v.                             |  AFFIRMATIVE DEFENSES TO
                                       |  PLAINTIFFS' COMPLAINT FOR
15  STANFORD UNIVERSITY,               |  DAMAGES AND INJUNCTIVE RELIEF**

16           Defendant.               |

17

18      Defendant THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR

19  UNIVERSITY ("Stanford") hereby answers the complaint filed by Plaintiff Jane Doe

20  ("Plaintiff") on December 5, 2016 (the "Complaint").

21      1.      There is no support for Plaintiff's foundational assertion that Stanford did not take

22  appropriate action in response to Ms. A's report as to Mr. X. Ms. A refused even to identify her

23  alleged assailant for almost a year, despite requests to do so, and then refused to bring a

24  disciplinary complaint or even to participate in an investigation when Stanford asked her to do

25  so.  Stanford could not proceed on its own against Mr. X without a witness to his alleged

26  conduct.  Prior to Plaintiff's report, Stanford did the most that it could in counseling Mr. X and

27  putting a No Contact directive in place.  Once it received Plaintiff's report, Stanford undertook

28

---

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

an investigation and was prepared to take the case through the disciplinary process.  However, Plaintiff decided to enter into an informal resolution with Mr. X.  There is no factual basis for Plaintiff's claims, and Stanford denies them.

Stanford places student safety and its Title IX obligations among its highest priorities and is concerned that unfounded allegations, such as those in the Complaint, could have a chilling effect on survivors of sexual assault, whom Stanford encourages to come forward. Stanford has a three-prong interrelated approach of ending sexual violence on its campus: robust prevention and education training; supporting students in need, including having a Confidential Support Team of therapists trained in sexual and relationship violence recovery available at no cost to its students; and, effective processes to redress sexual violence.  In 2010, Stanford separated sexual and relationship violence from its standard student disciplinary process to create a system with specially-trained reviewers to determine findings of sexual assault.  Stanford has over $60 million dollars of unrestricted endowment dollars committed to the ongoing support of these programs.  Stanford has gone to such lengths because it wants to end sexual violence on its campus and to prevent any confirmed rapist from graduating from Stanford (and in 2015 Stanford adopted an expected expulsion standard to further this goal). However, Stanford cannot force victims of sexual assault to cooperate in its investigation, and Stanford cannot deny an accused student an education based only on allegations without an opportunity to test those allegations in a thorough and fair process.  Without the victim's cooperation—in most cases the only percipient witness to the alleged wrongful conduct—Stanford (or any institution or government) is unable to make a finding against an accused.  Sometimes, despite extraordinary efforts by committed staff, Stanford must choose between imperfect solutions in order to comply with a victim's wishes.  As the remainder of this Answer demonstrates, Stanford cared deeply for the students described in the Complaint and went to great lengths to honor the agency of the affected individuals to arrive at outcomes that, even if imperfect, aimed as best as possible to honor their wishes.  Imperfect solutions should not be confused with deliberate indifference.

1    The allegations contained in paragraph 1 of the Complaint are Plaintiff's

2    characterizations of her intent in bringing the Complaint and legal conclusions to which no

3    response is required.  To the extent paragraph 1 contains any factual assertions, Stanford denies

4    them.  Stanford specifically denies that it failed to protect Plaintiff and other female

5    undergraduate students from a male student who is alleged to have been a known sexual predator

6    on campus.

7    Given Plaintiff's allegations about her own situation and the repeated references to a

8    separate matter involving Ms. A, as well as the complexity of the allegations in the Complaint,

9    for the benefit of the Court, Stanford now sets forth a statement of facts relating to Plaintiff and

10   Ms. A in full to provide the basis for its specific denials and affirmative defenses that will

11   follow.  As is clear from the chronology of events related to Plaintiff and to Ms. A, below,

12   Plaintiff's claim that Stanford did not take appropriate action in response to Ms. A's report on

13   Mr. X is unfounded.  Stanford could not proceed on its own against Mr. X without a witness to

14   his alleged conduct, and Ms. A refused even to participate in an investigation of it.  Once it

15   received Plaintiff's report, Stanford undertook an investigation and was prepared to take the case

16   through the disciplinary process.  It was Plaintiff herself who decided to enter into an informal

17   resolution with Mr. X.  There is no basis for Plaintiff's claims.

18   **a.    Student A**

19   i.    Around **February 4, 2011**, Ms. A called the YWCA's confidential sexual assault

20        hotline to discuss a recent incident of sexual assault.  The YWCA is an

21        organization independent from Stanford University.  The YWCA provided Ms. A

22        with resources and referred her to Christine Griffith, Associate Vice Provost,

23        Dean of Student Life, to further assist Ms. A with reporting options and

24        accommodations at Stanford.

25   ii.   On **February 9, 2011** Ms. Griffith met with Ms. A.  Ms. A did not give Ms.

26        Griffith any details about the incident or disclose the name of the person who

27        assaulted her.  Ms. Griffith provided Ms. A with information about her reporting

28
_____
3
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

options, but Ms. A was adamant that she would not engage in any University process that would force her to name her alleged assailant.  To address her immediate concerns, Ms. Griffith began facilitating academic accommodations on Ms. A's behalf.  Ms. Griffith also provided information to Ms. A about other available University resources, including Undergraduate Advising and Research ("UAR"), which would be able to facilitate ongoing academic accommodations, and Counseling and Psychological Services ("CAPS").

iii.   In **March 2011**, Ms. A reached out to the UAR office.  At her meeting with Melissa Colleen Stevenson, UAR Academic Director, Ms. A revealed that the reason she was having difficulty was because of a sexual assault that occurred in February.  Ms. Stevenson then called the sexual assault specialist for UAR to join the meeting, and both Ms. Stevenson and the specialist encouraged Ms. A to share the name of the student who assaulted her and explained all of the reporting options and support resources, but Ms. A refused to share the name and again declined to pursue a formal Stanford process.  Ms. Stevenson supported Ms. A by facilitating academic accommodations on her behalf.

iv.   Between March 2011 and January 2012, Ms. Stevenson continued to check-in with Ms. A regarding her academic support needs.  In **January 2012**, Ms. A met with Ms. Stevenson to discuss an academic matter and, during this meeting, Ms. A explained that she had watched a movie over winter break that covered the topic of rape.  Ms. A said that she was particularly distressed by the treatment of the rapist in the film, and saw parallels with her own situation.  Specifically, Ms. A said that she was bothered that, because she and the student who assaulted her shared mutual friends, she often excluded herself from social events in order to avoid him.  Ms. A did not share the name of the student with Ms. Stevenson at this meeting, but Ms. Stevenson arranged for Ms. A to meet with Residence Dean

1    Valentina del Olmo to discuss her options for reporting and pursuing disciplinary

2    charges.

3    v.    On **January 20, 2012**, Ms. A met with Ms. del Olmo and, for the first time,

4    named the student who assaulted her, referred to in the Complaint as "Mr. X."

5    Ms. del Olmo shared information with Ms. A on her options to initiate a formal

6    process against Mr. X. Ms. A considered her options to take formal action. She

7    requested that a "No Contact" directive be issued against Mr. X, and that a male

8    residence dean meet with Mr. X to discuss the February 2011 incident.

9    vi.   On **January 24, 2012**, Stanford issued the No Contact directive to Mr. X, and on

10    **January 26, 2012** a male residence dean met with Mr. X to discuss the incident

11    and the terms of the No Contact directive. In that meeting, Mr. X stated that he

12    had no memory of the incident.

13    vii.  Given the seriousness of the allegations reported by Ms. A, Ms. del Olmo was

14    concerned about Ms. A's decision not to pursue a formal disciplinary action, and

15    she initiated a discussion about that concern with her supervisor, Jennifer Calvert.

16    In **February 2012**, Ms. del Olmo and Ms. Calvert met with Ms. A. The purpose

17    of the meeting was to inform Ms. A that, based on the seriousness of the matter,

18    disciplinary review of the case was warranted. They discussed with her that the

19    conduct by Mr. X she had described was very serious, and gently encouraged her

20    to reconsider her decision not to initiate a disciplinary process. They assured Ms.

21    A that Stanford would take steps to protect her during a disciplinary process if

22    that were her concern, and specified security measures that could be undertaken.

23    Ms. A indicated repeatedly that she still did not want Stanford to proceed to a

24    formal process against Mr. X. She reported that she had heard from friends that

25    he was working on his problems, and that she did not feel he was an ongoing

26    threat, nor did she want him to lose housing because of her report. She did

27    indicate a willingness to proceed if similar concerns about Mr. X were brought

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

4839-7338-7837.v1

forward by others.  Stanford considered Ms. A's request not to proceed with a disciplinary process and decided not to initiate a disciplinary process investigation over her objection.

viii.  On **March 1, 2012**, Stanford informed Mr. X that Ms. A had decided not to move forward with initiating formal charges, and that the No Contact directive requested by Ms. A remained in place.

ix.  In **March 2014**, a woman reached out to Stanford's Title IX Office to arrange a meeting to discuss general issues of sexual assault on campus.  She subsequently informed the Title IX Office that her friend, Ms. A, would also like to attend the meeting.  At the meeting the friend encouraged Ms. A to talk specifically about her sexual assault, but she would not do so.  During and after this meeting, Ms. A again expressed reservations about going forward with a complaint against Mr. X despite her friend's insistence that she do so.  Stanford's then acting Title IX Coordinator followed up with Ms. A after the meeting to confirm Stanford's willingness to investigate the matter, even though the alleged assault had occurred three years earlier.

x.  In **April 2014**, Plaintiff brought a sexual assault complaint against Mr. X for the first time.  Stanford retained an external investigator, Mark Zunich, to partner with an internal investigator, Catherine Glaze, to review the matter.

xi.  In connection with the complaint raised by Plaintiff against Mr. X, and in regards to the March 2014 meeting with Ms. A, the Stanford Title IX Office reached out to Ms. A to inform her that Stanford was moving forward with an investigation into Mr. X.  Given constraints on disclosing student information under the Family Educational Rights and Privacy Act ("FERPA"), the Title IX Office did not reveal to Ms. A the specific allegations brought forward by Plaintiff.  Ms. A was notified that an investigation of Mr. X was going forward "based on the [Office for Civil Rights] factor of seriousness of the alleged harassment and the [Office for Civil

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

4839-7338-7837.v1

1    Rights] factor of whether there have been other harassment complaints about the

2    same individual." Ms. A communicated in writing to the investigator that she did

3    not want to participate in the investigation. Because of privacy laws, Stanford

4    could not discuss Ms. A with Plaintiff.

5    xii.    In addition to reporting her own concern, Plaintiff reported that she believed that

6    Mr. X may have harmed other Stanford students. Over time she identified four

7    other individuals: Ms. B, described below, Mr. X's girlfriend, and two other

8    Stanford students (one of whom was Ms. A). Mr. X's girlfriend affirmatively

9    stated to Stanford that she had no concerns about Mr. X. The other Stanford

10    student (not Ms. A) refused to participate.

11    xiii.    In **June 2014**, another Stanford student, referred to in the Complaint as Ms. B,

12    came forward with a complaint about Mr. X. Because the investigation of

13    Plaintiff's report was already underway and there were similar issues, the

14    investigations into Plaintiff's and Ms. B's complaints were consolidated.

15    xiv.    Mr. X walked in the graduation ceremony in **June 2014,** but his degree was held

16    until resolution of Plaintiff's and Ms. B's complaints against him.

17    xv.    Ms. A graduated in **June 2014** and thereafter continued her studies at Stanford in

18    a master's degree program.

19    xvi.    The findings of the investigation into Plaintiff's and Ms. B's complaints against

20    Mr. X were issued in **July 2014** (and are described in more detail below). Upon

21    notification of the findings, Plaintiff, Ms. B and Mr. X agreed to an informal

22    resolution under the Title IX process. The informal resolution provided that

23    Plaintiff and Ms. B's complaints against Mr. X were fully resolved by the

24    imposition of a permanent "no contact" directive and a 10-year campus stay away

25    requirement for Mr. X (or longer if any of the impacted women students were still

26    on campus) and that all parties waived their appeal rights. Despite the fact that

27    Ms. A declined to participate in the investigation, the No Contact directive issued

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

4839-7338-7837.v1

1      against Mr. X applied to Ms. A because she already had in place a No Contact

2      directive as to him through the earlier informal resolution reached in February

3      2012.

4   xvii.   In **October 2014**, Ms. A reported that Mr. X had attempted to contact her in

5          violation of the No Contact directive.  She requested an investigation into the No

6          Contact violation and into the events that had occurred between herself and Mr. X

7          in 2011.  Although Ms. A had refused to take part in the investigation of her

8          report of the incident in 2011 in conjunction with the investigation of Plaintiff's

9          complaint, the Stanford Title IX Office agreed to conduct an investigation into the

10         No Contact violation and into the previously-reported incident in 2011.  Stanford

11         explained to Ms. A that, because Mr. X was no longer a student, the sanctions that

12         Stanford could impose on Mr. X were limited.

13  xviii.  After conducting the investigation, in which Mr. X refused to participate, Stanford

14         issued a Final Outcome Letter on **December 15, 2014**.  The remedies in the Final

15         Outcome Letter provided a No Contact directive, and added five years to Mr. X's

16         campus ban imposed in the informal resolution of Plaintiff's and Ms. B's

17         complaints, so that the ban was increased from 10 to 15 years.

18  xix.    After receipt of the Final Outcome Letter, Ms. A notified Stanford that she

19         wanted certain information provided by her during the investigation added to the

20         outcome letter.  Stanford agreed to do so, and issued an Amended Outcome Letter

21         on **January 8, 2015**.  This letter stated that it triggered a new 5-day appeal

22         window for Ms. A and Mr. X, but did not amend the remedies provided in the

23         first letter.  Neither party appealed.

24  xx.     On **July 23, 2015**, Stanford was notified by the Office for Civil Rights,

25         Department of Education, that Ms. A had submitted a complaint alleging that

26         Stanford did not properly handle her report on Mr. X, which is still under

27         investigation.

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

4839-7338-7837.v1

### b.    Plaintiff

i.    On **April 11, 2014**, Plaintiff reported to a Residence Dean an incident that occurred the previous quarter between her and Mr. X.  In the initial report, Plaintiff stated that she came forward not because she feared for her own safety but because she had learned Mr. X had a history of abusive behavior toward women and she wanted to initiate the sexual assault disciplinary process to prevent a similar incident from happening to someone else.  Her report to Stanford was the following:

- Plaintiff and Mr. X were not in a romantic relationship.  Plaintiff said that she and Mr. X hooked up a few times.
- On the night of the incident in question, the parties were kissing in Mr. X's room.  Mr. X demanded that Plaintiff give him oral sex. Plaintiff refused. When she did so, he became verbally abusive.
- Plaintiff then went to another part of Mr. X's room, while he stayed on the bed.  He was upset, and eventually she went over to him and began to stroke his face.  They got into an argument, and he took her wrist and pulled her arm behind her back for a few seconds.

ii.    On **April 21, 2014**, Mr. X met with Stanford's Title IX Office to discuss Plaintiff's complaint against him stemming from the incident that occurred the previous quarter.  At that meeting, Mr. X stated that, prior to the incident at issue in Plaintiff's complaint, Plaintiff had attempted to coerce him in a sexual manner. In support of his claim, he disclosed a message from Plaintiff in which she appeared to apologize to Mr. X for her coercive behavior.  Based on Mr. X's report, Stanford's Title IX Office also opened a complaint against Plaintiff.

iii.    In **May 2014**, Plaintiff informed Stanford that she wished to move forward with the sexual assault disciplinary process.  Stanford met with Plaintiff to discuss her

9

1         options for a disciplinary process or a non-hearing resolution.  In consultation

2         with her support person, Stanford Law School Professor Michele Dauber, Plaintiff

3         considered her options.

4    iv.    In **June 2014**, Ms. B, another Stanford student identified by Plaintiff after her

5         own report, and also supported by Professor Michele Dauber, came forward with

6         a complaint about Mr. X.  Because the investigation of Plaintiff's report was

7         already underway and there were similar issues, the investigations into Plaintiff's

8         and Ms. B's complaints were consolidated.

9    v.    Mr. X walked in the graduation ceremony in **June 2014,** but his degree was held

10        until resolution of the complaints.

11    vi.    As explained above, the findings of the investigation into Plaintiff's and Ms. B's

12        complaints against Mr. X were issued **July 2014**.  Upon notification of the

13        tentative Title IX findings, Plaintiff, Ms. B and Mr. X agreed to an informal

14        resolution under the Title IX process.  After Mr. X brought forward his counter-

15        allegation against Plaintiff, Plaintiff and her support person, Professor Dauber,

16        wanted to avoid the possibility of Plaintiff facing a counter-disciplinary claim

17        from Mr. X.  Accordingly, Plaintiff chose to proceed through an informal

18        resolution.  The informal resolution proposed by Title IX and agreed to by

19        Plaintiff, Ms. B and Mr. X provided that Plaintiff's and Ms. B's complaints

20        against Mr. X were fully resolved by the imposition of a permanent No Contact

21        directive and a 10-year campus stay away requirement for Mr. X (or longer if any

22        of the impacted women students were still on campus) and that all parties waived

23        their appeal rights.  As stated above, the No Contact directive issued against Mr.

24        X also applied to Ms. A because of the pre-existing No Contact directive as to

25        her.

26    vii.    As explained above, on **December 15, 2014**, Mr. X's campus ban was increased

27        from 10 to 15 years as part of the final outcome of Ms. A's complaint against him.

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

4839-7338-7837.v1

viii. On **July 23, 2015**, Stanford was notified by the Office for Civil Rights, Department of Education, that Plaintiff had submitted a complaint alleging that Stanford did not properly handle her report on Mr. X, which is still under investigation.

ix. On **February 11, 2016**, at approximately 6:30 pm, Plaintiff reported to Stanford's Department of Public Safety ("DPS") and Professor Michele Dauber (Plaintiff's support person) that she had seen a person she believed was Mr. X at a café on Stanford's campus. Plaintiff asked DPS to find and arrest Mr. X pursuant to the 15-year campus ban issued to Mr. X on January 8, 2015. At 6:36 pm, Professor Dauber contacted Stanford's Chief of Police, Laura Wilson. She reported that she (Professor Dauber) had a conversation with the officer who arrived to assist Plaintiff and who reportedly told Professor Dauber on the phone that the enforceability of the campus stay away letter was a "gray area." Chief Wilson responded within minutes of receipt of Professor Dauber's contact and indicated that her team "was working on the problem." Chief Wilson sent the Lieutenant on duty to the café where Plaintiff saw the person she believed was Mr. X. From approximately 6:40 pm through the remainder of the night, DPS officers searched for Mr. X on campus. Their stated plan was to locate Mr. X and admonish him to leave campus and arrest him for trespass if he refused the direction. Stanford provided the police with contact information and an address for the Stanford student previously identified in the investigations as Mr. X's girlfriend, who was believed to still be in a romantic relationship with Mr. X and a person whom Mr. X might try to visit. DPS tried to contact that student without success, both by going to her residence and by leaving messages on her cell. Mr. X was not located on campus that night.

x. On **February 12, 2016**, the Title IX Office contacted the student reported to be in a relationship with Mr. X and told her that "a former student who is not allowed

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

4839-7338-7837.v1

1    on Stanford property" might have been seen on campus the night before and it

2    was "suggested that you might have been with him." She responded that she had

3    "no comment" and "declined to meet." On February 22, Catherine Glaze, Title

4    IX Coordinator, issued a Stanford directive to that student indicating that she

5    could not invite or accompany Mr. X on campus.

6    xi.    On **February 12, 2016**, the Title IX Office contacted Ms. B to let her know that

7    Mr. X might have been on campus and to remind her of resources available to

8    support her. Stanford did not reach out to Ms. A to tell her that Mr. X might have

9    been on campus because Ms. A was no longer a student on campus.

10   xii.    As a private landowner, Stanford takes the position that it can ban people from

11   campus and expects them to be arrested and prosecuted for trespass if they ignore

12   the Stanford directive. On February 24, Stanford and DPS officials met with

13   representatives from the Santa Clara County Office of the District Attorney to

14   clarify the enforceability of Stanford's stay away letters under California trespass

15   laws. The parties agreed that the District Attorney would generally prosecute

16   arrests for trespass if the person had received a letter within the last six months

17   (subject of course to prosecutorial discretion). For letters older than six months,

18   the person would need to be reminded of the letter and admonished to leave

19   before a prosecutable trespass would arise.

20   xiii.    On **March 18, 2016**, an updated campus ban was emailed to Mr. X.

21   xiv.    As a result of this experience, DPS created a stay away database that can be

22   programmed to issue reminder letters every six months (if a location or valid

23   email address is known). DPS is going to share this database with Stanford's

24   Title IX Office.

25   2.    Answering paragraph 2, Stanford denies the allegations contained therein.

26   Specifically, Stanford denies that it received any reports related to sexual assault or dating

27

28
                                            12

1  violence naming Mr. X prior to 2014, other than the report by Ms. A in January 2012, as

2  described in paragraphs 1.a.iv-viii, above.

3      3.      Answering paragraph 3, Stanford denies that it received "other reports" regarding

4  Mr. X, besides those described in paragraph 1.a.-b., above.  Further, the timing of the alleged

5  notice to Stanford referred to in paragraph 3 is vague, and on that basis Stanford denies the

6  allegations contained in paragraph 3.  Stanford avers it was on notice of Ms. A's allegations

7  naming Mr. X as her alleged assaulter, no earlier than January 2012, as described in paragraphs

8  1.a.iv-viii above and incorporated herein by reference.  Except as so averred, Stanford denies the

9  allegations in paragraph 3.

10      4.      Answering paragraph 4, Stanford denies the allegations contained therein.

11  Specifically, answering the first sentence, and as set forth in Stanford's answer to paragraph 3,

12  above, Stanford denies that it was advised of "reports" as described in paragraph 3 of the

13  Complaint.  Additionally, Stanford denies that it "effectively ignored" the reports it did receive

14  from Ms. A in 2011 and 2012.  Stanford avers that it responded to Ms. A's reports as described

15  in paragraphs 1.a.i.-viii., above.  Stanford additionally specifically denies that it implied or

16  warranted Mr. X's future conduct to Ms. A.

17      5.      The allegations contained in paragraph 5 are legal conclusions to which no

18  response is required.  To the extent paragraph 5 contains any factual allegations, Stanford denies

19  them.  Specifically, Stanford denies it failed "to take remedial measures to address Mr. X's

20  serious misconduct."  Stanford took the measures to respond to reports about Mr. X described in

21  paragraph 1.a-b, above.

22      6.      Answering paragraph 6, Stanford lacks sufficient knowledge and information to

23  form a belief regarding the allegations contained therein, and on that basis denies them.

24      7.      Answering paragraph 7, Stanford admits and avers that in June 2014, as described

25  in paragraphs 1.b.iv-vi above, Plaintiff's and Ms. B's complaints against Mr. X were pending.

26  Stanford further admits and avers that Mr. X was permitted to finish classes and attend the

27  graduation ceremony in June 2014, but, as described in paragraph 1.b.v., above, Mr. X's degree

28

1   was held pending the resolution of the complaints.  Stanford avers that Mr. X was found

2   responsible for attempted sexual assault by duress against Plaintiff, and sexual harassment and

3   relationship violence against Plaintiff and Ms. B.  Stanford admits and avers that the agreed upon

4   Title IX Administrative Remedies provided for in the informal resolution and described in

5   paragraph 1.b.vi, above, included a ten-year campus ban and No Contact directives.  Stanford

6   admits that Mr. X received an undergraduate and master's degree from Stanford.  Except as so

7   admitted and averred, Stanford denies the allegations in paragraph 7.

8          8.      Answering paragraph 8, Stanford denies the allegations contained in the first

9   sentence.  As to the remaining sentences, Stanford avers that other than as described in

10  paragraphs 1.b.ix-xiv, above, Stanford lacks sufficient knowledge and information to form a

11  belief regarding the allegations contained therein, and on that basis denies them.

12         9.      Answering paragraph 9, Stanford denies the allegations contained in the first

13  sentence.  The allegations contained in the balance of paragraph 9 are legal conclusions to which

14  no response is required.  To the extent those sentences contain any factual allegations, Stanford

15  denies them.

16         10.     Answering paragraph 10, Stanford admits that Jane Doe is an adult woman who

17  attended Stanford, first as an undergraduate student and then as a graduate student, beginning in

18  September 2011.  Except as so admitted, Stanford lacks sufficient knowledge and information to

19  form a belief regarding the remaining allegations contained in paragraph 10, and on that basis

20  denies them.

21         11.     Answering paragraph 11, The Board of Trustees of the Leland Stanford Junior

22  University is a trust with corporate powers under California law.  It administers a private

23  university located in Stanford, California, which receives federal and state funding and is subject

24  Title IX and Section 66270.

25         12.     Answering paragraph 12, Stanford admits the allegations contained therein.

26         13.     Answering paragraph 13, Stanford admits the allegations contained therein.

27

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

4839-7338-7837.v1

14.     Answering paragraph 14, Stanford lacks sufficient knowledge and information to form a belief as to the allegations contained therein, and on that basis denies them.  Stanford avers that the only sexual assault Ms. A reported to Stanford allegedly occurred in February 2011, and Mr. X was identified to Stanford in January 2012, as further detailed in paragraph 1.a.

15.     Answering paragraph 15, Stanford lacks sufficient knowledge and information to form a belief as to the allegations contained therein, and on that basis denies them.  Stanford avers that the only sexual assault Ms. A reported to Stanford allegedly occurred in February 2011, and Mr. X was identified to Stanford in January 2012, as further detailed in Paragraph 1.a.

16.     Answering paragraph 16, Stanford lacks sufficient knowledge and information to form a belief as to the allegations contained therein, and on that basis denies them.

17.     Answering paragraph 17, Stanford lacks sufficient knowledge and information to form a belief as to the allegations contained therein, and on that basis denies them.  Stanford avers that as described in paragraphs 1.a.xvii-xix, above, its Title IX Coordinator concluded in December 2014 that it was more likely than not that Mr. X sexually assaulted Ms. A in February 2011.

18.     Answering paragraph 18, Stanford lacks sufficient knowledge and information to form a belief as to the allegations contained therein, and on that basis denies them.  Stanford notes that any such information would be protected by medical privacy laws.

19.     Answering paragraph 19, Stanford admits and avers that, as described in paragraph 1.a.iii., above, Ms. A disclosed a sexual assault to her Academic Director in March 2011.  Stanford admits that Ms. A reported that Mr. X lived in the same residence as her, but Stanford avers that Ms. A refused to say in which of the seven dorms within her residence Mr. X lived.  Stanford avers that after the Stanford investigation and disciplinary processes were explained to her, Ms. A refused to name Mr. X.  Stanford avers that it explained to Ms. A that without a name, Stanford was limited in what actions it could take.   Stanford denies that a University official suggested the idea for Ms. A to go the beach.  Stanford avers that, after realizing Ms. A was not going to share Mr. X's name, one of the advisers asked Ms. A what she

could do to care for herself during this difficult time.  Ms. A suggested she would like to take a day off and go to the beach, and she was supported in that decision by the academic advisors. Except as so admitted and averred, Stanford denies the remaining allegations in paragraph 19.

20.    Answering paragraph 20, Stanford lacks sufficient knowledge and information to form a belief as to allegations regarding Ms. A's perception or state of mind, and on that basis denies the allegations contained therein.  Stanford further denies the characterizations of its responses to Ms. A, and incorporates by reference its answers to paragraphs 18 and 19, above.

21.    Answering paragraph 21, Stanford lacks sufficient knowledge and information to form a belief as to allegations regarding Ms. A's perception or state of mind, and on that basis denies the allegations contained therein.

22.    Answering paragraph 22, Stanford lacks sufficient knowledge and information to form a belief as to allegations regarding Ms. A's perception or state of mind and other alleged assaults and misconduct, and on that basis denies the allegations contained therein.  Stanford further specifically denies that it received any reports regarding Mr. X other than those described in paragraphs 1.a.-b., above.

23.    Answering paragraph 23, Stanford admits and avers that, as described in paragraphs 1.a.iv.-vii., above, Ms. A met with Residence Deans regarding her report about Mr. X in January 2012.  Stanford avers that Ms. A indicated that she might participate in a disciplinary process against Mr. X if similar concerns about Mr. X were brought forward by others.  Except as so admitted and averred, Stanford denies the allegations contained in paragraph 23.

24.    Answering paragraph 24, Stanford lacks sufficient knowledge and information to form a belief as to allegations regarding Ms. A's perception or state of mind, and on that basis denies the allegations contained therein. Stanford additionally specifically denies that it warranted Mr. X's future conduct to Ms. A.

25.    Answering Paragraph 25, Stanford denies the allegations contained therein. Stanford avers that, as described in paragraphs 1.a.v.-vii, above, Stanford issued a No Contact directive to Mr. X and had a male residence dean meet with Mr. X to discuss the incident, at Ms.

16

A's request.  At this meeting, Mr. X stated he had no memory of the incident.  Stanford further states that the quote in the final sentence of paragraph 25 is taken out of context, and on that basis, Stanford further denies the allegations contained in that sentence.

26.     Answering paragraph 26, Stanford lacks sufficient knowledge and information to form a belief as to the allegations contained therein, including allegations regarding Ms. A's perception or state of mind, and on that basis denies the allegations contained in paragraph 26. Stanford additionally specifically denies that the Residence Dean warranted Mr. X's future conduct to Ms. A.

27.     Answering paragraph 27, Stanford avers that Ms. A asked for Mr. X to be given a No Contact directive, and that Ms. A agreed to the terms of the directive.  Except as so averred, Stanford denies the allegations contained in paragraph 27.

28.     Answering paragraph 28, Stanford lacks sufficient knowledge and information to form a belief as to the allegations regarding Ms. A's state of mind and purpose at the meeting, and on that basis denies them.  Stanford avers that Ms. A attended a meeting with Ms. Kim on March 5, 2014, as described in paragraph 1.a.ix., above.  Answering the final sentence, Stanford admits that Ms. Kim sent a letter to Ms. A on March 11, 2014, but avers that the quote contained in the final sentence and the reference to proceeding with an investigation is taken out of context, and on that basis, denies the remaining allegations contained in that sentence.  Except as so admitted and averred, Stanford denies the allegations contained in paragraph 28.

29.     Answering paragraph 29, Stanford denies the allegations contained therein. Stanford investigated Ms. A's allegations against Mr. X as described in paragraphs 1.a.-b., above. Stanford further avers that Ms. A was not willing to cooperate in an investigation against Mr. X.

30.     Answering Paragraph 30, Stanford admits that Ms. A was a graduate student in September 2014.  As to the remainder of the allegations, Stanford lacks sufficient knowledge and information to form a belief as to the allegations contained in paragraph 30, and on that basis denies them.  Stanford avers that as described in paragraphs 1.a.xvii-xix, above, its Title IX

4839-7338-7837.v1

1  Coordinator concluded in December 2014 that it was more likely than not that Mr. X violated the

2  No Contact directive.

3       31.    Answering paragraph 31, Stanford lacks sufficient knowledge and information to

4  form a belief as to the allegations contained in the first three sentences, and on that basis denies

5  them.  Answering the final sentence, Stanford avers that the findings in Plaintiff's and Ms. B's

6  complaints against Mr. X were issued after Mr. X had walked in his graduation ceremony, but

7  that Mr. X's degree was held until the resolution of those complaints, as described in paragraph

8  1.a.xiv, above.  Except as so averred, Stanford denies the allegations contained in paragraph 31.

9       32.    Answering Paragraph 32, Stanford lacks sufficient knowledge and information to

10  form a belief as to the allegations regarding Ms. A's state of mind, and on that basis denies the

11  allegations as to Ms. A's reaction and motivation contained in paragraph 32.  Stanford admits

12  that Ms. A emailed Dean Glaze on October 17, 2014 reporting that Mr. X had begun contacting

13  her again.  Stanford denies that this October 17 email specifically requested that Stanford

14  conduct an investigation into her report that Mr. X had physically and sexually assaulted her in

15  February 2011.

16       33.    Answering paragraph 33, Stanford admits the allegations contained therein and

17  avers that it issued an outcome letter as to Ms. A's allegations against Mr. X on December 15,

18  2014 as described in paragraph 1.a.xviii, above.

19       34.    Answering paragraph 34, Stanford avers that Stanford amended the Outcome

20  Letter based on Ms. A's specific request, as described in paragraph 1.a.xix, above. Except as so

21  averred, Stanford denies the allegations contained in paragraph 34.

22       35.    Answering paragraph 35, Stanford denies that it failed to respond to Ms. A's

23  reports against Mr. X, and avers that it took the steps to respond to the reports as described in

24  paragraph 1.a., above.  Stanford admits that Ms. A took a leave of absence in January 2015, that

25  she formally withdrew from her graduate program in the fall of 2016, and that she has not

26  resumed her studies at Stanford.  Stanford lacks knowledge and information sufficient to form a

27  belief as to Ms. A's motivations for taking a leave of absence, withdrawing from the University,

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

4839-7338-7837.v1

1    and/or not resuming her studies, and on that basis denies allegations regarding Ms. A's reasons

2    for doing so.  Except as so admitted and averred, Stanford denies the allegations contained in

3    paragraph 35.

4         36.    Answering paragraph 36, Stanford lacks sufficient knowledge and information to

5    form a belief as to the allegations contained in the first sentence, and on that basis denies them.

6    Answering the second sentence, Stanford admits that as of fall 2013, Mr. X was a senior and

7    Plaintiff was a junior.

8         37.    Answering paragraph 37, Stanford lacks sufficient knowledge and information to

9    form a belief as to the allegations contained therein, and on that basis denies them.

10        38.    Answering paragraph 38, Stanford lacks sufficient knowledge and information to

11   form a belief as to the allegations contained therein, and on that basis denies them.

12        39.    Answering paragraph 39, Stanford lacks sufficient knowledge and information to

13   form a belief as to the allegations contained therein, and on that basis denies them.  Stanford

14   avers that as described in paragraph 1.b.vi, above, in July 2014, as a result of the investigation

15   into Plaintiff's complaint against Mr. X, Mr. X was found responsible for attempted sexual

16   assault by duress, sexual harassment, and relationship violence against Plaintiff.

17        40.    Answering paragraph 40, Stanford lacks sufficient knowledge and information to

18   form a belief as to the allegations contained therein, and on that basis denies them.  Stanford

19   avers that as described in paragraph 1.b.vi, above, in July 2014, as a result of the investigation

20   into Plaintiff's complaint against Mr. X, Mr. X was found responsible for attempted sexual

21   assault by duress, sexual harassment, and dating violence against Plaintiff.  Stanford further

22   avers that Plaintiff did not report to Stanford that Mr. X flipped her over onto her stomach and

23   attempted to penetrate her vaginally.

24        41.    Answering paragraph 41, Stanford lacks sufficient knowledge and information to

25   form a belief as to the allegations contained therein, and on that basis denies them.  Stanford

26   avers that as described in paragraph 1.b.vi, above, in July 2014, as a result of the investigation

27

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

4839-7338-7837.v1

1  into Plaintiff's complaint against Mr. X, Mr. X was found responsible for attempted sexual

2  assault by duress, sexual harassment, and relationship violence against Plaintiff.

3      42.    Answering paragraph 42, Stanford lacks sufficient knowledge and information to

4  form a belief as to the allegations contained therein, and on that basis denies them.  Stanford

5  avers that as described in paragraph 1.b.vi, above, in July 2014, as a result of the investigation

6  into Plaintiff's complaint against Mr. X, Mr. X was found responsible for attempted sexual

7  assault by duress, sexual harassment, and relationship violence against Plaintiff.

8      43.    Answering paragraph 43, Stanford lacks sufficient knowledge and information to

9  form a belief as to the allegations contained therein, and on that basis denies them.

10      44.    Answering paragraph 44, Stanford lacks sufficient knowledge and information to

11  form a belief as to the allegations contained therein, and on that basis denies them.

12      45.    Answering paragraph 45, Stanford lacks sufficient knowledge and information to

13  form a belief as to the allegations contained therein, and on that basis denies them.

14      46.    Answering paragraph 46, Stanford lacks sufficient knowledge and information to

15  form a belief as to the allegations contained therein, and on that basis denies them.

16      47.    Answering paragraph 47, Stanford lacks sufficient knowledge and information to

17  form a belief as to the allegations contained therein, and on that basis denies them.

18      48.    Answering paragraph 48, Stanford admits the allegations contained therein.

19      49.    Answering paragraph 49, Stanford lacks sufficient knowledge and information to

20  form a belief as to the allegations contained therein because the reference to "Stanford officials"

21  is vague and does not allow Stanford to inquire of the persons Plaintiff says she asked, and on

22  that basis denies them.  Stanford notes, as described in paragraph 1.a.xi, above, given constraints

23  on disclosing student information under FERPA, Stanford cannot reveal specific allegations or

24  reports brought by other students.

25      50.    Answering paragraph 50, Stanford avers that on April 22 and 23, 2014, Plaintiff

26  sent an email to Dean Masuda and Ms. Kim providing the names of four other women Plaintiff

27

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

4839-7338-7837.v1

1  heard had been harmed by Mr. X.  Stanford lacks sufficient knowledge and information to form a

2  belief as to the remaining allegations contained in paragraph 50, and on that basis denies them.

3       51.    Answering paragraph 51, Stanford admits that Plaintiff was informed that Dean

4  Glaze would be investigating her complaint against Mr. X.  As to the remaining allegations in

5  paragraph 51, Stanford denies them.

6       52.    Answering paragraph 52, Stanford admits and avers that Plaintiff was informed

7  that Mr. X had initiated a complaint against her saying that she had tried to coerce him sexually

8  on February 6, 2014, as described in paragraph 1.b.iii, above.  Stanford avers that it found as to

9  that complaint that there was not a preponderance of the evidence that Plaintiff violated

10  Stanford's policies, noting that Plaintiff was more credible than Mr. X and that, while Plaintiff

11  was verbally insistent about her desire to have Mr. X have sex with her, it did not amount to

12  duress.  Except as so admitted and averred, Stanford denies the allegations contained in

13  paragraph 52.

14       53.    Answering paragraph 53, Stanford admits the allegations contained therein.

15       54.    Answering paragraph 54, Stanford admits and avers that at the time Ms. Kim

16  launched the investigation into Plaintiff's complaint against Mr. X, Ms. Kim was aware of Ms.

17  A's report about Mr. X, as described in paragraphs 1.a.ix-xii, above.  Stanford further notes, as

18  explained in paragraphs 1.a.xi., and in its answer to paragraph 49, above, given constraints on

19  disclosing student information under FERPA, Stanford did not and cannot reveal specific

20  allegations or reports brought by other students.  Except as so admitted and averred, Stanford

21  denies the allegations contained in paragraph 54.

22       55.    Answering paragraph 55, Stanford lacks sufficient knowledge and information to

23  form a belief as to the allegations contained therein, and on that basis denies them.

24       56.    Answering paragraph 56, Stanford lacks sufficient knowledge and information to

25  form a belief as to the allegations regarding Plaintiff's state of mind or motivation, and on that

26  basis denies the allegations contained in paragraph 56.  Stanford avers that Plaintiff sent an email

27  to Dean Glaze requesting a meeting on May 21, 2014 to follow up on Stanford's meeting with

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

4839-7338-7837.v1

Mr. X and to discuss next steps to initiate a disciplinary proceeding, as described in paragraph 1.b.iii., above.  Except as so admitted and averred, Stanford denies the remaining allegations contained in paragraph 56.

57.     Answering paragraph 57, Stanford admits the allegations contained in the first sentence, and avers that the correct spelling of the outside investigator referenced is Mark Zunich.  Except as so admitted and averred, Stanford denies the remaining allegations in paragraph 57.

58.     Answering paragraph 58, Stanford admits the allegations contained therein, and avers that due to constraints on disclosing student information under FERPA, Stanford did not and could not discuss Ms. A's report against Mr. X, as described in paragraph 1.a.xi, above.

59.     Answering paragraph 59, Stanford incorporates its responses to paragraphs 57-58.  Stanford further lacks sufficient knowledge and information to form a belief as to the allegations regarding Plaintiff's state of mind or the impression she had of the meeting, and on that basis, denies the allegations contained in paragraph 59.  Stanford specifically denies that Stanford officials suggested Mr. X had done nothing wrong or that there would be no investigation into Mr. X.  Stanford avers it did conduct investigations into Mr. X, as described in paragraphs 1.a.-b., above.

60.     Answering paragraph 60, Stanford admits the allegations contained in the first sentence.  Stanford avers that Ms. B reported that Mr. X split Ms. B's lip with a shampoo bottle and that this incident occurred in Southern California during the summer of 2013.  Stanford admits that Ms. B took a leave of absence in fall 2014, but lacks sufficient knowledge and information to form a belief as to Ms. B's reasons for doing so, and on that basis denies that Ms. B's leave of absence was related to the alleged assault by Mr. X.  Except as so admitted and averred, Stanford denies the allegations contained in paragraph 60.

61.     Answering paragraph 61, Stanford admits the allegations contained in the first sentence therein.  As to the second sentence, Stanford lacks sufficient knowledge and information to form a belief as to the allegation regarding the claimed communication about a

4839-7338-7837.v1

pattern of sexual misconduct because no date or name is given, and on that basis denies that allegation. Stanford avers that due to constraints on disclosing student information under FERPA, Stanford did not and could not discuss Ms. A's report against Mr. X, as described in paragraph 1.a.xi, above.

62. Answering paragraph 62, Stanford admits the allegations contained therein.

63. Answering paragraph 63, Stanford denies the allegations contained therein. Stanford avers that the parties specifically negotiated for and agreed to the terms of the informal resolution, in part because Plaintiff wanted to avoid facing a counter-disciplinary claim from Mr. X., as described in paragraph 1.b.vi, above.

64. Answering paragraph 64, Stanford admits and avers that on July 11, 2014 Stanford sent Plaintiff a final outcome letter finding Mr. X responsible for attempted sexual assault with duress, sexual harassment and relationship violence against Plaintiff and Ms. B. Stanford further admits and avers that the agreed upon Title IX Administrative Remedies provided for in the informal resolution and described in paragraph 1.b.vi, above, included a ten year campus ban and No Contact directives. Except as so admitted and averred, Stanford denies the remaining allegations in paragraph 64.

65. Answering paragraph 65, Stanford admits and avers that after the informal resolution agreed to by Plaintiff, Mr. X received an undergraduate degree in economics and a master's degree in management science and engineering from Stanford. Stanford avers that Plaintiff was advised of this outcome. Except as so admitted and averred, Stanford denies the remaining allegations in paragraph 65.

66. Answering paragraph 66, Stanford admits that it emailed a letter to Plaintiff notifying her of her academic probation status on July 11, 2014 and also sent a hard copy of the letter to her at her listed permanent address. Stanford avers that all students placed on academic probation following spring quarter 2014 were sent letters informing them of their academic status in the same ways and on that same date. Except as so admitted and averred, Stanford denies the remaining allegations contained in paragraph 66. Specifically, Stanford lacks

1  sufficient knowledge and information to form a belief as to the allegations regarding Plaintiff's

2  state of mind and disclosures to her parents, and on that basis denies those allegations.

3      67.    Answering paragraph 67, Stanford lacks sufficient knowledge and information to

4  form a belief as to the allegations contained therein, and on that basis denies them.  Stanford

5  avers that Plaintiff reported seeing a person she believed to be Mr. X on campus on February 11,

6  2016, as described in paragraph 1.b.ix-xiv, above.  Except as so averred, Stanford denies the

7  allegations contained in paragraph 67.

8      68.    Answering paragraph 68, Stanford lacks sufficient knowledge and information to

9  form a belief as to the allegations contained therein, and on that basis denies them.  Stanford

10  avers that Plaintiff reported seeing a person she believed to be Mr. X on campus on February 11,

11  2016 and Stanford responded to such report, as described in paragraph 1.b.ix-xiv, above.  Except

12  as so averred, Stanford denies the allegations contained in paragraph 68.

13      69.    Answering paragraph 69, Stanford lacks sufficient knowledge and information to

14  form a belief as to the allegations contained therein, and on that basis denies them.  Stanford

15  avers that Plaintiff reported seeing a person she believed to be Mr. X on campus on February 11,

16  2016 and Stanford responded to such report, as described in paragraph 1.b.ix-xiv, above.  Except

17  as so averred, Stanford denies the allegations contained in paragraph 69.

18      70.    Answering paragraph 70, Stanford lacks sufficient information and belief as to

19  allegations regarding Plaintiff's state of mind or motivation, and on that basis denies allegations

20  relating to her reasons for taking a leave of absence.  Stanford admits that Plaintiff took a leave

21  of absence in spring quarter 2016.  Except as so admitted, Stanford denies all the remaining

22  allegations contained in paragraph 70.

23      71.    Answering paragraph 71, Stanford lacks sufficient information and belief as to

24  allegations regarding Plaintiff's struggles, state of mind or motivation, and on that basis denies

25  allegations relating to them.  Stanford admits and avers that Mr. X received an undergraduate

26  degree in economics and a master's degree in management science and engineering from

27

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

4839-7338-7837.v1

Stanford.  Except as so admitted and averred, Stanford denies the remaining allegations in paragraph 71.

72.     Stanford incorporates herein its responses to Paragraphs 1 through 71.

73.     Stanford denies the allegations in Paragraph 73.

74.     Stanford denies the allegations in Paragraph 74.

75.     Stanford denies the allegations in Paragraph 75.

76.     Stanford denies the allegations in Paragraph 76.

77.     Stanford denies the allegations in Paragraph 77.

78.     Stanford denies the allegations in Paragraph 78.

79.     Stanford denies the allegations in Paragraph 79.

80.     Stanford denies the allegations in Paragraph 80.

81.     Stanford lacks sufficient knowledge and information to form a belief as to the allegations concerning multiple assaults and whether and why Plaintiff was unable to complete her classes and took a leave of absence, and on that basis denies the allegations in Paragraph 81. Further, Stanford specifically denies that it in any way interfered with Plaintiff's ability or opportunity to complete her classes.

82.     Stanford lacks sufficient knowledge and information to form a belief as to the allegations concerning Ms. Doe's past and current condition and economic injuries and the causes for them, and on that basis denies the allegations in Paragraph 82.  Further, Stanford specifically denies that it in any way injured Plaintiff.

83.     Stanford incorporates herein its responses to Paragraphs 1 through 82.

84.     Stanford admits the allegations in Paragraph 84.

85.     Stanford denies the allegations in Paragraph 85, as set forth in the responses to the preceding paragraphs referenced therein.

86.     Stanford denies the allegations in Paragraph 86.

87.     Stanford denies the allegations in Paragraph 87.

88.     Stanford incorporates herein its responses to Paragraphs 1 through 87.

25

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

89.     Paragraph 89 contains legal conclusions that Stanford is not required to admit or deny.  To the extent paragraph 89 contains any factual allegations, Stanford denies them. Stanford denies that it can properly be the subject of an action for damages by Plaintiff under California Civil Code section 52.4.

90.     Paragraph 90 contains legal conclusions that Stanford is not required to admit or deny.  To the extent paragraph 90 contains any factual allegations, Stanford denies them. Stanford denies that it in any way subjected Plaintiff to gender violence.

91.     Stanford denies the allegations in Paragraph 91.

92.     Stanford denies the allegations in Paragraph 92.

93.     Stanford incorporates herein its responses to Paragraphs 1 through 92.

94.     Paragraph 94 contains legal conclusions that Stanford is not required to admit or deny.  Stanford denies that it in any way caused Plaintiff to suffer the alleged serious emotional distress.

95.     Stanford denies the allegations in Paragraph 95.

96.     Stanford denies the allegations in Paragraph 96.

97.     Stanford denies the allegations in Paragraph 97.

98.     Stanford denies the allegations in Paragraph 98.

99.     Stanford denies the allegations of Paragraph 99.

100.    As to the prayer for relief, Plaintiff has not stated a claim that would support any of the relief prayed for in the Complaint, and could not do so.

101.    As to the demand for jury trial, Plaintiff has not stated a claim that would warrant a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

### (Failure to State a Claim)

The Complaint and the allegations therein fail to state facts sufficient to constitute a claim upon which relief may be granted.

4839-7338-7837.v1

1

## SECOND DEFENSE

2

### (Statute of Limitations)

3      The claims in the Complaint are barred by the applicable statute of limitations under

4  federal law and under state law to the extent that they are based on the informal resolution in July

5  2014 and alleged events that preceded it.

6

## THIRD DEFENSE

7

### (Laches)

8      Each and every claim in the Complaint is barred – in whole or in part – by the doctrine of

9  laches due to Plaintiff's delay in bringing her claims, as described in Paragraph 1.b., above.

10

## FOURTH DEFENSE

11

### (Estoppel)

12      Each and every claim in the Complaint is barred – in whole or in part – by the doctrine of

13  estoppel.  As set forth above in paragraphs 1.b.iii-vi, Plaintiff specifically negotiated for and

14  agreed to the terms of the informal resolution of her complaint against Mr. X of which she now

15  complains.

16

## FIFTH DEFENSE

17

### (Waiver)

18      Plaintiff waived her right to have the complaint process she now asserts should have been

19  given and to seek different sanctions for Mr. X she now asserts should have been imposed when,

20  as set forth above in paragraphs 1.b.iii-vi, Plaintiff specifically negotiated for and agreed to the

21  terms of the informal resolution of her complaint against Mr. X.

22

## SIXTH DEFENSE

23

### (Effective Policy)

24      Stanford is not subject to liability because it has an effective policy for reporting and

25  redressing sexual harassment, pursuant to which Stanford conducted a prompt and thorough

26  investigation and implemented appropriate corrective actions with respect to Plaintiff's

27  complaints against Mr. X.

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

4839-7338-7837.v1

**SEVENTH DEFENSE**

**(Failure to Mitigate)**

Plaintiff has failed to mitigate her damages, if any.  Plaintiff's recovery, if any, should be reduced by the failure of Plaintiff to mitigate her damages.

**EIGHTH DEFENSE**

**(Third-Party Conduct)**

Any harm to Plaintiff was caused in whole or in part by the acts or omissions of third-parties – namely Mr. X – for whose conduct or negligence Stanford is not responsible.

**NINTH DEFENSE**

**(Lack of Causation)**

Stanford did not cause any harm to Plaintiff.

**TENTH DEFENSE**

**(No Duty)**

Stanford does not have the duty to her alleged by Plaintiff under common law negligence theories.

**ELEVENTH DEFENSE**

**(Not a "Responsible Party" Under Cal. Civ. Code § 52.4)**

Liability under California Civil Code section 52.4 is limited to parties who have committed one or more acts that would constitute gender violence or sexually coercive acts. Stanford is not a "responsible party" within the meaning of this statute, and Plaintiff has failed to name Mr. X, the party she alleges assaulted her, as a defendant.

**TWELFTH DEFENSE**

**(Unclean Hands)**

Plaintiff has unclean hands with respect to her claims of an inadequate process in response to her complaint about Mr. X since she decided to seek an informal resolution of her claim against Mr. X to avoid a possible hearing on Mr. X's claim against her.

1

**THIRTEENTH DEFENSE**

2

**(Reservation of Right to Additional Affirmative Defenses)**

3

Stanford has insufficient knowledge or information on which to form a belief as to

4

whether it may have additional, as yet unstated, affirmative defenses available. Stanford

5

therefore reserves the right to assert additional affirmative defenses in the event discovery

6

indicates that they may be appropriate.

7

**PRAYER FOR RELIEF**

8

WHEREFORE, Stanford prays that this Court deny all of Plaintiff's requests for relief,

9

dismiss the Complaint with prejudice, and grant Stanford such relief as the Court deems

10

appropriate.

11

12

Dated:  December 8, 2016.

13

14

PILLSBURY WINTHROP SHAW PITTMAN LLP
SARAH G. FLANAGAN

15

STACIE O. KINSER
Four Embarcadero Center, 22nd Floor

16

San Francisco, CA 94111

17

By: _____

18

Sarah G. Flanagan

19

Attorneys for Defendant THE BOARD OF TRUSTEES OF
THE LELAND STANFORD JUNIOR UNIVERSITY

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF

4839-7338-7837.v1