1  JOHN C. CLUNE (admitted *pro hac vice*)
   clune@hbcboulder.com
2  KIMBERLY M. HULT (admitted *pro hac vice*)
   hult@hbcboulder.com
3  CHRISTOPHER W. FORD (admitted *pro hac vice*)
   ford@hbcboulder.com
4  HUTCHINSON BLACK AND COOK, LLC
5  921 Walnut Street, Suite 200
   Boulder, CO 80302
6  Telephone: (303) 442-6514
   Facsimile: (303) 442-6593
7
8  Attorneys for PLAINTIFF

9  PILLSBURY WINTHROP SHAW PITTMAN LLP
   SARAH G. FLANAGAN SBN 70845
10 sarah.flanagan@pillsburylaw.com
   STACIE O. KINSER SBN 300529
11 stacie.kinser@pillsburylaw.com
12 Four Embarcadero Center, 22nd Floor
   San Francisco, CA 94111-5998
13 Telephone: (415) 983-1000
   Facsimile: (415) 983-1200
14
15 Attorneys for Defendant THE BOARD
   OF TRUSTEES OF THE LELAND
16 STANFORD JUNIOR UNIVERSITY

17             UNITED STATES DISTRICT COURT

18           NORTHERN DISTRICT OF CALIFORNIA

19                 SAN JOSE DIVISION

20 | JANE DOE,                          | Civil Action No.:  3:16-cv-06973-EMC |
21 | Plaintiff,                          | **JOINT CASE MANAGEMENT** |
22 | v.                                  | **STATEMENT & [PROPOSED] ORDER** |
23 | STANFORD UNIVERSITY,                |  |
24 | Defendant.                          |  |
25
26
27
28

                                                    3:16-cv-06973-EMC
           JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

1   The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT

2   STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern

3   District of California dated July 1, 2011 and Civil Local Rule 16-9.

4

5   1.  Jurisdiction & Service

6   The court has jurisdiction over the subject matter of Plaintiff's claims pursuant to 28 U.S.C. 1331 and

7   1367 as this is an action alleging violation of federal civil rights under Title IX of the Education

8   Amendments of 1972.  No issues exist as to personal jurisdiction or venue and no parties remain to be

9   served.

10

11   2.  Facts

12   The parties agree that Plaintiff was a student at Stanford University and that in 2014 she reported being

13   physically and sexually assaulted by another student who had prior allegations of violence made

14   against him.  Stanford investigated Plaintiff's report and ultimately found that student responsible for

15   some of the allegations and he was banned from the University campus for a period of ten years, which

16   was later extended to fifteen years due to a separate complaint.

17

18   Plaintiff alleges that prior to her abuse, Defendant received other reports of physical and sexual

19   violence perpetrated by the same male student and that Defendant failed to meaningfully respond to

20   those reports.  As such, Plaintiff alleges that Defendant left a known dangerous individual on campus

21   which caused Plaintiff to be subjected to physical and sexual assault.

22

23   Defendant alleges that Defendant received a report in 2012 naming the same male student Plaintiff

24   later reported against in 2014.  The student making a report in 2012 refused to go forward with an

25   investigation and disciplinary process against the male student.  Defendant instituted remedial

26   accommodations at the reporting student's request and determined not to bring disciplinary charges

27   against the male student over the reporting student's objections and without her cooperation.  When

28   Plaintiff came forward in 2014, Defendant investigated the allegations against the male student,

3:16-cv-06973-EMC

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

1   including the allegations from the 2012 report, even though the reporting student from 2012 again

2   refused to participate or cooperate.

3

4   3.  Legal Issues

5   Plaintiff contends that though there are many factual issues regarding the sufficiency of Defendant's

6   actions, it is too early to identify specific legal issues in the matter other than those suggested by

7   Defendant below.

8

9   Defendant contends that the legal issues to be addressed in this matter include: the scope of

10  Defendant's duties and obligations under Title IX, specifically the duty to bring disciplinary charges

11  against a student when the complaining witness refuses to cooperate; and the Defendant's duties and

12  obligations under the Family Educational Rights and Privacy Act, specifically Defendant's restriction

13  from sharing student information, including disciplinary records, with other students.

14

15  4.  Motions

16  Plaintiff anticipates filing a motion to amend the case styling to identify defendant as "The Board of

17  Trustees of the Leland Stanford Junior University, AKA Stanford University" instead of "Stanford

18  University."  This Motion will be filed prior to the case management conference and is not opposed.

19

20  Plaintiff currently has an unpaid balance for tuition and other fees owing to Stanford due in part to

21  errors and issues with her billing statements due in part to alleged errors and issues with her billing

22  statements. Plaintiff has sought the University's assistance in resolving those issues and anticipates

23  settling her balance once those issues are resolved.   Defendant anticipates seeking leave to bring a

24  counterclaim for these amounts in the event Plaintiff does not resolve the balance due soon.

25

26

27

28

3:16-cv-06973-EMC

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

5.  Amendment of Pleadings

At this time, there are no anticipated amendments to the pleadings.  Defendant notes, however, that paragraph 60, p. 22:21 of the Answer reads "Ms. B took a leave of absence in fall 2014"; the reference to 2014 is in error, Ms. B's leave of absence took place in fall 2013.

6.  Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  The parties met via telephone on February 16th, 2017, regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

Defendant requested that Plaintiff's counsel confirm whether they have instructed witnesses named fictitiously in the Complaint (Ms. A and Ms. B) to preserve relevant evidence, and whether such witnesses are represented by Plaintiff's counsel so that we know whether Defendant can communicate with them directly.  Plaintiff's initial disclosures indicate that Ms. A can be contacted through Plaintiff's counsel, and that Ms. B can be contacted through her personal contact information.  This afternoon, Plaintiff's counsel stated that they are not representing Ms. A or Ms. B.  Defendant would like the Court's assistance in getting clarity on these issues at the Case Management Conference.

7.  Disclosures

The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26 including lists of persons with relevant information, lists of relevant documents in possession of the parties, and any insurance policies that may provide coverage for any of the claims on Tuesday, March 7, 2017, by agreement. Plaintiff has provided available damage calculations and will supplement as soon as she receives additional information regarding such disclosures.

Defendant objects to Plaintiff's failure to provide damage calculations at this time and failure to meet and confer with Defendant about this omission.

8. Discovery

To date, no discovery has been taken.  The parties anticipate both written and testimonial discovery and believe the presumptive limits of each should be sufficient.

The parties have conferred on a protective order and though both agree that such an order should be imposed, they disagree as to the language of that order.  Specifically, Plaintiff believes it would be useful to have an order that includes an "attorney eyes only" provision.  Defendant believes the parties should enter into the standard protective order for the Northern District.

The parties have also conferred regarding the extent and manner of e-discovery and do not request any further orders of the court on those issues at this time.

There are no identifiable discovery disputes at this time.

9. Class Actions

There is no class action in this matter.

10. Related Cases

The Department of Education is conducting an investigation in part based upon the allegations made in Plaintiff's complaint pursuant to a complaint submitted to the Department of Education, Office for Civil Rights on July 23, 2015.   The matter number for the Department of Education, Office for Civil Rights is 09-15-2407.

11. Relief

Plaintiff is seeking reimbursement and prepayment for all of her expenses incurred as a consequence of the assaults including medical and mental health expenses, damages to her educational benefits and opportunities provided by Stanford which will include impact to her grades, opportunities, and graduation date and other past and future economic damages.  Plaintiff is also seeking damages for

past, present, and future emotional pain and suffering, and loss of past, present, and future enjoyment of life in an amount to be determined by the jury.

12.  Settlement and ADR

In September 2016, the parties attended a JAMS mediation prior to the filing of the lawsuit, but were unsuccessful in settling the dispute.  The parties filed a Stipulation to ADR on March 7, 2017.  The parties agree to mediation through the court's panel-appointed mediator process or a settlement conference with a magistrate judge, but request that the date of the ADR be determined at a later date.

13.  Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.   ____ YES   __x__ NO*

14.  Other References

The parties do not believe that the case requires or is suitable for any other references.

15.  Narrowing of Issues

The parties are willing to work on narrowing of issues before trial.  However, the parties will need to conduct discovery before they will be able to identify those issues.

16.  Expedited Trial Procedure

The parties do not believe that this case can be resolved through an expedited trial procedure.

17.  Scheduling

Fact discovery completed: September 15, 2017

Plaintiff's expert reports completed: October 13, 2017

Defendant's expert reports completed: November 13, 2017

Expert depositions completed: December 15, 2017

3:16-cv-06973-EMC

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

1    Dispositive motion deadline: January 26, 2018

2

3    18.  Trial

4    The parties anticipate a trial by jury of 5-7 days in length.

5

6    19.  Disclosure of Non-party Interested Entities or Persons

7    Defendant filed its Rule 7.1 Disclosure Statement and Civil Local Rule 3-15 Certification on December

8    8, 2016, certifying it has no interested entities to report.

9

10   20.  Professional Conduct

11   All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the

12   Northern District of California.

13

14   21.  Other

15   The parties wish to inform the Court that Magistrate Judge Sallie Kim is a likely witness in the matter

16   due to her part-time contractor role with respect to Title IX matters for Stanford when she was in

17   private practice.

18

19

20

21

22

23

24

25

26

27

28

1    DATED: March 9, 2017                      Respectfully submitted,

2                                          HUTCHINSON BLACK AND COOK, LLC.

3

4                                          By:  */s/ John C. Clune*
                                               John C Clune

5                                          JOHN C. CLUNE (admitted pro hac vice)
                                         KIMBERLY HULT (admitted pro hac vice)

6                                          CHRISTOPHER FORD (admitted pro hac vice)
                                         HUTCHINSON BLACK AND COOK, LLC

7                                          921 Walnut Street, Suite 200
                                         Boulder, CO 80302

8                                          Telephone:     (303) 442-6514

9                                          Facsimile:      (303) 442-6593
                                         Emails:         clune@hbcboulder.com,

10                                         hult@hbcboulder.com, ford@hbcboulder.com

11                                         JENNIFER A. REISCH – 223671

12                                         REBECCA PETERSON-FISHER – 255359
                                        EQUAL RIGHTS ADVOCATES

13                                         1170 Market Street, Suite 700
                                        San Francisco, CA 94102

14                                         Telephone:     (415) 621-0672
                                        Facsimile:      (415) 631-6744

15                                         Emails:         jreisch@equalrights.org,

16                                         rpetersonfisher@equalrights.org

17                                         Attorneys for Plaintiff

18

19                                         PILLSBURY WINTHROP SHAW PITTMAN LLP

20                                         By: /s/ Sarah G. Flanagan
                                             Sarah G. Flanagan

21

22                                         Attorneys for Defendant The Board Of Trustees of
                                        the Leland Stanford Junior University

23

24

25

26

27

28

1

CASE MANAGEMENT ORDER

2

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the

3

Case Management Order for this case and all parties shall comply with its provisions. [In addition, the

4

Court makes the further orders stated below:]

5

6

IT IS SO ORDERED.

7

Dated:

8

UNITED STATES DISTRICT/MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:16-cv-06973-EMC

CASE MANAGEMENT ORDER